Case 4:24-cv-02681   Document 24   Filed 01/12/26 in TXSD   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
January 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUELINE CRUZCO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-02681 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before this Court is Defendant Wal-Mart Stores Texas, LLC's ("Defendant") Motion for Summary Judgment (Doc. No. 13), Plaintiff Jacqueline Cruzco's ("Plaintiff") Response (Doc. No. 14), and Defendant's Reply (Doc. No. 16). Having reviewed these documents, the record, and the applicable law, the Court hereby GRANTS in part and DENIES in part Defendant's Motion for Summary Judgment. (Doc. No. 13).

### BACKGROUND

This case concerns an incident that occurred at one of Defendant's stores. On December 8, 2022, Plaintiff was shopping at Defendant's store located at 2727 Dunvale Road, Houston, Texas when she slipped and fell on a white substance on the floor. Plaintiff alleges injuries from the fall.

This case was originally filed in Harris County District Court. (Doc. 1-2). Defendant then removed the case to this Court based on diversity jurisdiction. (Doc. No. 1). Defendant now seeks summary judgment, contending that each of Plaintiff's claims lack evidence and fail as a matter of law.

## LEGAL STANDARD

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## ANALYSIS

### A. Plaintiff's Negligence Claim

Plaintiff alleges both negligence and premises liability claims in her Petition. *See* (Doc. 1-2). Defendant, however, contends that, under Texas law, "a person injured on another's property has either a negligent activity claim *or* a premises-liability claim." (Doc. No. 13 at 3).

Generally, there are two negligence-related theories upon which a plaintiff may recover from a premises owner: general negligence and premises liability. Although a person injured on another's property may have both a negligence claim and a premises liability claim against the property owner, the two are "independent theories of recovery, and a finding of one will not suffice to create liability for the other." *Cobarrubias v. Lowe's Home Centers, LLC*, 2023 WL 5729941, at *5 (S.D. Tex. Sept. 4, 2023) (citing *Clayton W. Williams. Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997)). "[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 775–76 (Tex. 2010). As such, when an injury is the result of a condition created by the defendant's activity, rather than the activity itself, a plaintiff is limited to a premises defect theory of liability. *Brown v. Wal-Mart Stores Texas, L.L.C.*, 2023 WL 4354225, at *2 (S.D. Tex. July 5, 2023) (citing *Lucas v. Titus County Hosp. Dist./Titus County Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex. App.—Texarkana 1998, pet. denied), 988 S.W.2d 740 (Tex. 1998)).

Defendant asserts that to the extent Plaintiff has pled a negligence claim, it fails because her injuries stem from a condition of the premises rather than from Defendant's contemporaneous, negligent activity. *See* (Doc. No. 13 at 3). Specifically, Defendant contends that because Plaintiff's

claims are rooted in the alleged presence of "a white substance on the floor," Plaintiff may only pursue her claims under a theory of premises liability. (*Id.*). In response, Plaintiff asserts that, based on the surveillance video footage, "the [white] substance had been there for at least an hour" before Plaintiff's fall. (Doc. No. 14 at 8). Further, Plaintiff contends that "15 minutes prior to Plaintiff's fall, another customer slipped on the precise substance that caused Plaintiff's injuries." (*Id.*).[1] As such, Plaintiff essentially concedes that Plaintiff's fall did not occur contemporaneously with a Wal-Mart employee's activity. Instead, it was the result of a condition created by the alleged negligent activity. Therefore, Plaintiff is not entitled to bring a negligent activity claim as a matter of law. Defendant's Motion for Summary Judgment is granted as it relates to Plaintiff's active negligence claim.

### B. Plaintiff's Premises Liability Claim

To succeed on a premises liability claim, Plaintiff must prove four elements: (1) that Defendant had actual or constructive knowledge of the condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that Defendant failed to exercise reasonable care to reduce or eliminate the risk; and (4) that Defendant's failure to use such care proximately caused Plaintiff's injuries. *See Wal-Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex. 1998).

Defendant contends Plaintiff does not have evidence to raise a fact issue with respect to several of the elements of this cause of action. First, Defendant argues Plaintiff cannot establish

---

[1] In Defendant's Reply, Defendant asserts that the prior customer's alleged slip occurred thirteen minutes before Plaintiff's incident, not fifteen minutes. (Doc. No. 16 at 3). After reviewing the surveillance video, the Court agrees with Defendant that the customer's slip occurred at approximately 4:17:41 PM, while Plaintiff's fall occurred at approximately 4:30:49 PM. For the purposes of this order, the Court finds that the prior customer's alleged slip occurred thirteen minutes before Plaintiff's fall but also notes that the two minute differential makes no difference to the outcome of this motion. The Court, however, will continue to refer to the alleged fifteen minutes argued by Plaintiff when referencing her Response.

4

that the white substance on the floor posed an unreasonable risk of harm. *See* (Doc. No. 13 at 4–5). Second, Defendant maintains that Plaintiff cannot show that it had actual or constructive knowledge of any white substance or condition on the ground. *See* (*Id.* at 5–10). The Court will address each argument in turn.

### 1. *Unreasonable Risk of Harm*

The duty a premises owner owes to its invitees is not that of an insurer, meaning a condition is not deemed unreasonably dangerous simply because an invitee gets hurt. *See Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162–63 (Tex. 2007). A determination of whether a particular condition poses an unreasonable risk of harm is generally fact specific and there is no definitive, objective test that may be applied to determine whether a specific condition presents an unreasonable risk of harm. *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970). Generally, "[a] condition presenting an unreasonable risk of harm is defined as one in which there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *Id.* Evidence of other falls attributable to the same condition or evidence of the defectiveness of the condition could be probative but not conclusive on this element. *Dietz v. Hill Country* Restaurants, 398 S.W.3d 761, 766 (Tex. App.––San Antonio 2011, pet aff.); *Seideneck*, 451 S.W.2d at 754.

Defendant contends as a matter of law that the white substance on the floor does not pose an unreasonable risk of harm, citing Texas law that "common or innocuous hazards are not unreasonably dangerous." *Christ v. Tex. Dep't of Transp.*, 664 S.W.3d 82, 87 (Tex. 2023). As evidence, Defendant points to Plaintiff's Petition where she stated that she was "shopping near the produce and meat area when suddenly, and without warning, she slipped and fell backwards . . . .

After her fall, she noticed a creamy white substance on the floor which caused her fall." (Doc. No. 1-2 at ¶7). Defendant also cites Plaintiff's deposition where she stated that "mayonnaise was on the floor, and [she] didn't notice it." (Doc. No. 13-1 at 10) (32:2–8). Defendant argues, therefore, that "[t]here is nothing about this alleged substance that created an unreasonable risk of harm" and "[t]here was nothing about it that would lead Walmart to foresee an incident similar to Plaintiff's occurring." (Doc. No. 13 at 5).

In response, Plaintiff contends that "Defendant's own employees admitted that the substance was dangerous and should have been cleaned." (Doc. No. 14 at 15). Plaintiff highlights the deposition of Mungaz Armani, a digital coach at Wal-Mart, who testified that a substance on the floor can be slippery and dangerous. *See* (Doc. No. 14-5 at 15) (15:14–23). Further, Plaintiff points to the testimony of Joel Hernandez, a Wal-Mart manager, who also testified that a floor with "any sort of liquid or fluid" can be slippery, dangerous, and could cause someone to fall. (Doc. No. 14-3 at 18–19) (18:23–19:4). Additionally, Plaintiff emphasizes Hernandez's testimony that he would expect that if there were employees stocking the area around the substance, they would've seen the spill if it was visible and would've had an obligation to clean it. (*Id.* at 21) (21:4–9). Within Plaintiff's response, she also notes that fifteen minutes prior to Plaintiff's fall, another customer slipped on the same substance that caused Plaintiff's injuries. (Doc. No. 14 at 8).

The Court is not persuaded by Defendant's argument that the substance on the floor cannot pose an unreasonable risk of harm as a matter of law. The *Christ* case cited by Defendant highlights prior Supreme Court of Texas cases involving factually different "common" hazards, such as a divot in a parking lot, a pedestrian ramp that extended beyond its handrails, and a rug in a showroom. *Christ*, 664 S.W.3d at 87 (citing to *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 803 (Tex. 2022); *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162–63 (Tex. 2007);

*Seideneck*, 451 S.W.2d at 754–55). Relying on these cases, *Christ* states that a claimant must "adduce evidence either of prior complaints or injuries or that some surrounding circumstance transformed an everyday hazard into one measurably more likely to cause injury." 664 S.W.3d at 87–88. Here, the white substance on the floor of Wal-Mart was not an "everyday hazard." Indeed, Wal-Mart's own employee testified that such a substance, if noticed, should be immediately cleaned up and, therefore, remedied. (Doc. No. 14-3 at 21) (21:4–9). As such, the condition at issue here is unlike the conditions referenced in *Christ* that were common, constant conditions of which a plaintiff could seek evidence of prior complaints and injuries.

Therefore, whether the white substance on the floor was unreasonably dangerous is a fact question. Since Defendant's legal argument fails, Defendant must demonstrate the absence of a genuine issue of material fact regarding the condition's unreasonable risk of harm. *Triple Tee Golf*, 485 F.3d at 261. The Court finds that Defendant has not done so – Defendant merely cites to Plaintiff's petition and deposition where she states that there was a white substance on the floor. *See* (Doc. No. 13 at 5). As such, Defendant has not provided sufficient evidence to meet its initial summary judgment burden regarding unreasonable risk of harm.

2. *Actual or Constructive Knowledge*

To establish the element of actual or constructive knowledge, there must be evidence to support that: (1) Defendant placed the substance on the floor; (2) Defendant actually knew the substance was on the floor prior to the incident and negligently failed to remove the substance; or (3) it was more likely than not that the substance was on the floor long enough to give Defendant a reasonable opportunity to discover the substance. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992).

Defendant alleges that Plaintiff provides no evidence that Defendant had actual or constructive notice of the white substance or condition on the floor. *See* (Doc. No. 13 at 6). In her response, Plaintiff impliedly concedes Defendant's point regarding actual knowledge as she only argues that Defendant had constructive knowledge of the condition. *See* (Doc. No. 14 at 9–15). Thus, the Court will only address whether she has raised an issue of material fact as to Defendant's constructive knowledge of the condition on the floor.

To demonstrate constructive knowledge, Plaintiff must show that it is more likely than not that the substance was present on the floor long enough to give Defendant a reasonable opportunity to discover and remove the substance in the exercise of ordinary care. *Keetch*, 845 S.W.2d at 265. This "time-notice" rule is based on the assumption that temporal evidence best indicates whether the premises owner had a reasonable opportunity to discover and remedy a dangerous condition. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). "[T]here must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Id.* In determining whether a premises owner had constructive knowledge, a court may consider a combination of (i) the length of the time the hazard existed, (ii) the proximity of employees to the hazard, and (iii) the conspicuousness of the hazard. *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567–68 (Tex. 2006). "[M]ere proximity of an employee to a spill, without evidence of when or how it came to be on the floor, [is] legally insufficient to charge a premises owner with constructive notice of the hazard." *Id.* at 567 (citing *Reece*, 81 S.W.3d at 816–87).

i. Length of Time

Regarding the first factor, Plaintiff contends that the white substance was on the floor for a sufficient time based on (1) photos of the substance that demonstrate "there were track marks

and footprints in the area where Plaintiff fell," (Doc. No. 14 at 13); (2) video footage that commences an hour prior to Plaintiff's fall with "nothing that demonstrates that a customer or employee dropped a substance on the floor" during that time, (*Id.* at 15) (Exhibit B); and (3) testimony from Plaintiff's son that in observing the substance on the floor, "it appeared to be dried around the edges." (*Id.*). Further, Plaintiff notes that allegedly fifteen minutes prior to her fall, another customer slid on the same substance, indicating it was at least present on the floor for fifteen minutes. (*Id.* at 12).

As Defendant points out, however, Plaintiff herself testified that she did not know how the substance came to be on the floor or how long it was there. (Doc. No. 13-1 at 12) (38:5–9). Defendant contends that Plaintiff's speculated hour of time based on the video of the incident is merely a "guess" as the white substance is never even seen in the video. Additionally, Defendant argues that at 4:12:43 PM of the video, a customer can be seen potentially spilling something on the floor, meaning the white substance possibly only existed on the floor for eighteen minutes prior to Plaintiff's incident. *See* (Doc. No. 16 at 3–4). Even assuming a customer did spill a substance eighteen minutes before Plaintiff's fall and another customer slipped on that substance three to five minutes later, Defendant asserts this length of time is legally insufficient to show constructive knowledge. *See Shirey v. Wal-Mart Stores Texas, LLC*, 699 F. App'x 427, 429 (5th Cir. 2017) ("the seventeen minutes during which the inconspicuous grape was on the floor did not afford Wal-Mart a reasonable time to discover and remove the hazard"); *Brookshire Foods Store, LLC v Allen*, 93 S.W.3d 897, 900–01 (Tex. App.—Texarkana 2002) (evidence that grapes had been on the floor for fifteen minutes or less was legally insufficient); s*ee also Taylor v. Good Shepherd Hospital, Inc.*, 2005 WL 2035836, at *3 (Tex. App.—Tyler Aug. 24, 2005, no pet.) (mem. op) (evidence that step stool had been in the aisle for five to seven minutes was insufficient).

Under the summary judgment framework, once the movant (in this case, Defendant) carries its initial summary judgment burden of proof, the burden shifts to the non-movant (Plaintiff) to persuade the Court that the motion should not be granted by showing the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 321–25; *Matsushita*, 475 U.S. at 587. Here, Defendant has provided sufficient evidence to meet its initial summary judgment burden regarding the length of time the white substance was on the floor. Defendant provided video evidence that a customer may have spilled the substance on the floor approximately eighteen minutes before Plaintiff's fall, an arguably insufficient time to establish Defendant's constructive knowledge. *See* (Doc. No. 16 at 3–4).

The burden thus shifted to Plaintiff, who also provided evidence that the substance may have been on the floor for at least an hour prior to Plaintiff's fall. (Doc. No. 14 at 15); (Doc. No. 14-2) (Exhibit B). Having reviewed the surveillance video, the Court agrees with Defendant that the substance cannot be seen in the video. *See* (Doc. No. 13-3); (Doc. No. 14-2) (Plaintiff's Exhibit B). That being said, both parties acknowledge that Plaintiff did in fact slip on a white substance on the floor. Since there is no identifiable change on the floor from the start of the video to the incident, a reasonable juror could conclude that the substance existed on the floor for at least an hour. *See* (Doc. No. 14-2) (Plaintiff's Exhibit B). Plaintiff therefore satisfied her summary judgment burden to show the existence of a genuine issue of material fact concerning the length of time the substance was on the floor.

ii.   Additional Factors

"What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented. And proximity evidence will often be relevant to the analysis." *Reece*, 81 S.W.3d at 816. Here, Plaintiff provides

evidence regarding the other constructive knowledge factors -- proximity of employees to the hazard and conspicuousness of the hazard. Based on the surveillance video, Plaintiff contends that at least seventeen employees walked through the area where the substance was prior to Plaintiff's fall and, twelve minutes before, a Wal-Mart employee was stocking in the area and maneuvered her cart over the substance. (Doc. No. 14 at 12); (Doc. No. 14-2) (Exhibit B). Further, Plaintiff also argues that the white substance on the floor was conspicuous, stating it was "thick and white, markedly different from water or a translucent liquid." (Doc. No. 14 at 13).[2] As support, Plaintiff provides photographs of the substance. (*Id.* at 7) (Plaintiff's Exhibit A).

Admittedly, the Court finds it difficult to even identify the substance in Plaintiff's photographs. Moreover, Plaintiff contradicts herself as she previously testified that she did not notice the substance on the floor when she fell. (Doc. No. 13-1 at 10) (32:2–8). Plaintiff even admitted that she didn't see the substance because "the mayonnaise [was] beige, and the Wal-Mart floor [was] also beige." (*Id.* at 11) (36:9–11). Regardless, Plaintiff's additional evidence concerning Wal-Mart employees' proximity to the substance and the substance's conspicuity further support Defendant's alleged constructive knowledge. If, as Plaintiff alleges, the substance was on the floor for at least an hour, the number of Wal-Mart employees in close proximity to the substance make it more likely that Defendant had a reasonable opportunity to discover it. *Keetch*, 845 S.W.2d at 265.

In sum, when considering all three prongs of constructive knowledge, Plaintiff's claims concerning the conspicuity and longevity of the substance on the floor, and the proximity of Wal-Mart employees to the same, raise a genuine fact issue to be put to a jury. Succinctly put, using

---

[2] In making this claim, Plaintiff fails to explain why, if the substance was so conspicuous, she (1) either could not see it at the time; or (2) saw it and chose to knowingly walk through it.

Wal-Mart's own video and its admission that there was indeed a substance on the floor, there is circumstantial evidence that the substance was on the floor at the time a Wal-Mart employee walked through the immediate area. That being the case, this Court cannot rule in Defendant's favor as a matter of law. Plaintiff has established an issue of material fact regarding Defendant's constructive notice of the condition that allegedly caused Plaintiff's fall. Accordingly, this Court denies Defendant's Motion for Summary Judgment regarding Plaintiff's premises liability cause of action.

### C. Plaintiff's Failure to Maintain Claim

Defendant contends that Plaintiff's failure to maintain claim fails as a matter of law because "Texas courts have held that failure to inspect claims fail absent any evidence of constructive notice." (Doc. No. 13 at 10). Defendant relies on *Richardson v. Wal-Mart Stores, Inc.*, another slip and fall case against Wal-Mart, to argue that "[a]bsent evidence of the length of time that the substance had been on the floor, there can be no inference that any increased level of inspecting or cleaning by Wal-Mart would have discovered and remedied the condition." 963 S.W.2d 162, 166 (Tex. App.—Texarkana 1998, no pet.).

Plaintiff does not directly address Defendant's argument but notes throughout her response that Defendant has "strict procedures regarding inspections of areas as Wal-Mart employees walk through the area" and alleges that Defendant failed to perform these required inspections in the area where the white substance was located. (Doc. No. 14 at 5, 12, 23). As evidence, Plaintiff points to Hernandez's testimony that "it would have been the responsibility of the employee that was in the area to inspect and clean the spill" if it were visible. (*Id.* at 12); (Doc. No. 14-3 at 23–24) (23:17–24:7).

Plaintiff's allegations regarding Defendant's failure to maintain or inspect the premises per its policy is a claim for premises liability because "premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners,* 307 S.W.3d at 776 (holding that a failure to properly use security resources was properly submitted to the jury on a premises-liability theory). In light of this, the Court finds that Plaintiff's failure to maintain or inspect the premises claim is thereby dismissed because it is subsumed by her premises liability claim. To the extent it is not subsumed by the premises claim, Plaintiff offers no evidence of any negligence by Wal-Mart or its employees. Accordingly, the Court grants Defendant's Motion for Summary Judgment regarding Plaintiff's failure to maintain claim.

### D. Plaintiff's Gross Negligence Claim

Gross negligence involves two elements: (1) from the actor's standpoint at the time of its occurrence, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference of the rights, safety, or welfare of others. TEX. CIV. PRAC. & REM. C. § 41.001(11).

Defendant argues that "Plaintiff has no evidence to establish that Walmart committed gross negligence; that Walmart authorized or ratified an agent's gross negligence; that Walmart was grossly negligent in hiring an unfit agent; or that Walmart committed gross negligence through the actions or inactions of a vice-principal." (Doc. No. 13 at 12).

In response, Plaintiff maintains that the fact that approximately seventeen employees walked by the area where Plaintiff fell; an employee was stocking the area where Plaintiff fell; and fifteen minutes prior to Plaintiff's fall, another customer slid on the same substance and yet no employee remedied the situation indicates that Defendant "demonstrated conscious disregard for

the welfare of its customers." (Doc. No. 14 at 17). Plaintiff argues that "Defendant should have known about the condition of the floor given the number of employees in the vicinity and the appearance of the substance but decided not to do anything about it." (*Id.* at 22). Further, Plaintiff contends that "Wal-Mart has policies for protecting its customers yet did not take measures to ensure its policies were implemented" here, indicating Defendant's "conscious indifference . . . to the rights, safety, and welfare of others." (*Id.* at 22–23).

To succeed on a gross negligence claim, a plaintiff must satisfy the elements of an ordinary negligence or premises liability claim *and* demonstrate clear and convincing evidence of "an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others." *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196, n. 2 (5th Cir. 2014); *State v. Shumake*, 199 S.W.3d 279, 286 (Tex. 2006). "[W]hat separates ordinary negligence from gross negligence is the defendant's state of mind; in other words, the plaintiff must show that the defendant knew about the peril, but his actions or omissions demonstrate that he did not care." *Louisiana–Pacific Corp. v. Andrade,* 19 S.W.3d 245, 246–47 (Tex. 1999).

As discussed above, Plaintiff did not provide evidence that Defendant had actual knowledge of the condition on the floor, let alone knowledge about the alleged potential "peril" of the condition. Even when considering the many alleged Wal-Mart employees that walked near the substance based on the surveillance video, the Court notes that many customers walked over the alleged substance without any injury. *See* (Doc. No. 14-2) (Plaintiff's Exhibit B). Thus, Plaintiff provides no evidence that Defendant "knew about the *peril*" as required in a gross negligence claim. *Id.* Moreover, Plaintiff has not offered evidence regarding the "extreme degree of risk" of the white substance on the floor.

Plaintiff, therefore, does not provide any specific facts identifying a genuine factual dispute for her gross negligence claim. As such, she has not met her summary judgment burden. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim for gross negligence.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion for Summary Judgment. (Doc. No. 13). The Court denies Defendant's motion regarding Plaintiff's premises liability claim. Plaintiff's negligence claim, failure to maintain claim, and gross negligence claim are hereby dismissed.

Signed on this 12 day of January, 2026.

Andrew S. Hanen
United States District Judge